# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PEDRO RODRIGUEZ,

              Plaintiffs,

     vs.

NEWSOM, et al.,

              Defendants.

**1:20-cv-01792-GSA-PC**

**<u>SCREENING ORDER</u>**

**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**
**(ECF No. 1.)**

**THIRTY-DAY DEADLINE TO FILE A FIRST AMENDED COMPLAINT**

## I.    BACKGROUND

Pedro Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 21, 2020.  (ECF No. 1.)  Plaintiff's Complaint is now before the court for screening.  28 U.S.C. § 1915.

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.    SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Valley State Prison (VSP) in Chowchilla, California, where the events at issue in the Complaint allegedly occurred when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Gavin Newsom (Governor of California), Ralph Diaz (CDCR Secretary), and Warden Fisher (Warden, VSP) (collectively, "Defendants").   All of the Defendants are sued in their official capacities.  A summary of Plaintiff's allegations follows:

Valley State Prison officials and the CDCR are treating Plaintiff differently from other prisoners convicted of the same category of crime.  [Plaintiff here refers to attached Exhibit A, but no exhibit was attached to the Complaint.]  Plaintiff has been in A3 isolation without cause since November 4, 2020.  Plaintiff is Covid-19 negative.  During that time, Plaintiff has not been allowed communication with his sick mother, in spite of Title 15 § 3282(b), "Facilities shall

provide inmate telephones for use by inmates . . ."; Title 15 § 3282(d), No limitations on relationship who may be called; and Title 15 § 3282(G), Emergency calls.  An administrative regulation has the force of law and is binding on the issuing agency.  Plaintiff alleges that he has a First Amendment right to maintain a family relationship with his sick mother during a Covid-19 pandemic.  Defendant Warden Fisher was deliberately indifferent to Plaintiff's First Amendment right to maintain communication with his family during a pandemic.  Plaintiff's mother has been lied to by VSP officials that Plaintiff no longer wants to talk to his mother. Defendant Warden Fisher is culpable as policy maker by disrupting contact between Plaintiff and his mother in a manner that is cruel and unusual under the Eighth Amendment.  As a result of Defendant Warden Fisher's policy, Plaintiff has suffered and will continue to suffer irreparable harm.

As relief, Plaintiff requests monetary damages, including punitive damages, injunctive relief, and declaratory relief.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

## A.    Official Capacity and Personal Capacity

Plaintiff sues all of the Defendants in their official capacities.  Plaintiff may not bring suit for money damages against Defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).

However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).  "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law."  Hafer, 502 U.S. at 25; Suever v. Connell, 579 F.3d 1047, 1060 (9th Cir. 2009).

Where a plaintiff is seeking damages against a state official and the complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an official capacity suit.

Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Therefore, Plaintiff fails to state a claim for money damages against Defendants in their official capacities, but he is not barred by the Eleventh Amendment from seeking injunctive or declaratory relief against Defendants in their official capacities, or from seeking money damages from Defendants in their individual capacities.

In the amended complaint, Plaintiff should clarify whether he is <u>only</u> suing Defendants in their official capacities.

**B.      Evidentiary Hearing**

Plaintiff requests an evidentiary hearing.  An evidentiary hearing is granted only under limited circumstances.  Here, Plaintiff has not stated what evidence he would present at the requested hearing, nor has he established that any evidentiary hearing is needed nor required.  Given the procedural posture of this case, the court finds no facts that require development at an evidentiary hearing.  Therefore, Plaintiff's request for an evidentiary hearing is denied.

**C.      Access to Phone**

Plaintiff fails to state a claim for being denied access to a telephone at the prison.  With respect to telephone access, the United States Constitution does not provide for an unfettered right to use a telephone, thus an inmate has no First Amendment right to access a telephone.  Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002).  The Ninth Circuit "'sensibly and expansively' define[s] the First Amendment right at issue . . . as the right to communicate with persons outside prison walls.  Use of a telephone provides a *means* of exercising this right." <u>Id.</u> at 1048 (emphasis in original).  Thus, to state a constitutional claim, a plaintiff must allege that the use of a phone is connected to another constitutional right, such as the right of free speech or access to the courts.  Even then, a telephone is only one means for an inmate to exercise the extremely limited First Amendment right to communicate with persons outside the jail.  That same right may be met through other means such as mail correspondence or personal visits.  Accordingly, Plaintiff fails to state a claim for being denied use of a telephone.

///

### D.    Communication With Mother

Plaintiff alleges that he has a First Amendment right to maintain a family relationship with his sick mother during a Covid-19 pandemic.

Though persons have a "right to maintain certain familial relationships, including association among members of an immediate family," "[m]any of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner." Overton v. Bazzetta, 539 U.S. 126, 131 (2003) (citations omitted).   "[F]reedom of association is among the rights least compatible with incarceration. . . .   Some curtailment of that freedom must be expected in the prison context." Id. (citations omitted).

Incarceration does not "altogether terminate[]" the "right to intimate association," though. Id.; see also Dunn v. Castro, 621 F.3d 1196, 1205 (9th Cir. 2010) ("we do not hold or imply that incarceration entirely extinguishes the right to receive visits from family members").   Courts have not clearly defined the scope of this right, "the extent to which it survives incarceration" or whether it arises from the First Amendment or the substantive due process component of the Fourteenth Amendment. See Overton, 539 U.S. at 128, 131-36.  In any event, prison regulations that curtail the right are constitutionally valid if they "bear a rational relation to legitimate penological interests." Id. at 132 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). Madrid v. H. Anglea, No. 119CV01456JLTPC, 2020 WL 1689709, at *2–3 (E.D. Cal. Apr. 7, 2020).

Here, Plaintiff has not alleged sufficient facts explaining what happened to him.  Plaintiff alleges that he was placed in isolation without cause and has not been allowed communication with his sick mother.  However, Plaintiff has not provided any information about who took away his phone privileges, why they were taken, for what length of time, and whether he is allowed to use the phone for any reason.  He also has not alleged whether he is allowed to correspond with his mother in other ways, such as by written letter, or whether he is permitted to receive letters from her.  He has not alleged facts about how he came to be held in isolation, whether for safety, discipline, or another reason, or who placed him there.  Plaintiff also alleges that his mother was lied to by VSP officials who told her that Plaintiff no longer wants to talk to her. Plaintiff needs

to provide more facts about the circumstances here, such as how he knows what officials told his mother, who acted against him in this manner, and why Plaintiff believes this happened.  Further, Plaintiff claims that Defendant Warden Fisher is culpable because he is a policy maker, but Plaintiff has not identified a policy, or whether Plaintiff is simply alleging that as a policy maker this in itself makes Warden Fisher responsible.   If there is a policy, Plaintiff needs to identify the policy.

Without more information the court cannot determine whether Plaintiff states a claim based on the denial of phone calls to his mother.  Plaintiff shall be granted leave to amend the Complaint to address the insufficiency in this claim identified by the court.

### E.    Equal Protection – Fourteenth Amendment Claim

The Equal Protection Clause requires the State to treat all similarly situated people equally.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,'" (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges that Valley State Prison officials and the CDCR are treating him differently from other prisoners convicted of the same category of crime.  However, Plaintiff has not alleged facts demonstrating that he is being intentionally discriminated against on the basis

of his membership in a protected class, or that he is being intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.

Plaintiff has not named any Defendant who violated Plaintiff's right to equal protection, nor has he explained how he was treated differently than other inmates convicted of the same category of crime. Therefore, Plaintiff fails to state a claim for relief for violation of her right to equal protection.

## F.     <u>Deliberate Indifference – Warden</u>

Plaintiff alleges that Defendant Warden Fisher was deliberately indifferent to Plaintiff's First Amendment right to maintain communication with his family during a pandemic.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); see also <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). However, the Eighth Amendment is not a mandate for broad prison reform or excessive federal judicial involvement. <u>See Hallett v. Morgan</u>, 296 F.3d 732, 745 (9th Cir. 2002). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. <u>See Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006); <u>Osolinski v. Kane</u>, 92 F.3d 934, 937 (9th Cir. 1996); <u>Jordan v. Gardner</u>, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by <u>Sandin v. Conner</u>, 515 U.S. 472 (1995); <u>see</u> <u>also</u> <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000); <u>Wright v. Rushen</u>, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious[;]' a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'[.] . . ." <u>Farmer</u>, 511 U.S. at 834. As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation. <u>Id.</u> ; <u>Wilson v. Seiter</u>, 501 U.S. 294,

303 (1991).  This requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  <u>Farmer</u>, 511 U.S. at 834 (citations omitted); <u>see also</u> <u>Hope v. Pelzer</u>, 536 U.S. 730, 737-38 (2002); <u>Wilson</u>, 501 U.S. at 299-300

///

(discussing subjective requirement).  To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind."  <u>Farmer</u>, 511 U.S. at 834.

Plaintiff has not alleged facts showing that the Warden knew that Plaintiff was subject to a substantial risk of serious harm because he could not communicate with his mother, or that the Warden deliberately ignored the risk and acted unreasonably, or failed to act, causing Plaintiff harm.  Therefore, Plaintiff fails to state a claim for deliberate indifference against the Warden regarding Plaintiff's right to maintain communication with his family during a pandemic

### G.    Due Process - Segregation

The Due Process Clause does not create a liberty interest in remaining in the general population or being free from administrative segregation.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466–67 (1983); <u>Toussaint</u>, 801 F.2d at 1091, abrogated in part on other grounds by <u>Sandin</u>, 515 U.S. 472.  Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration.  <u>Toussaint</u>, 801 F.2d at 1091 (quoting <u>Hewitt</u>, 459 U.S. at 468).  However, a state may a create liberty interest which would be protected by the Due Process Clause.  <u>Sandin</u>, 515 U.S. at 483–84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Keenan v. Hall</u>, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting <u>Sandin</u>, 515 U.S. at 484).

Plaintiff alleges that he was placed in isolation without cause.  However, Plaintiff's Complaint does not contain any factual allegations to demonstrate that the conditions he was subjected to while he was housed in segregation imposed an atypical or significant hardship on him in relation to the ordinary incidents of prison life.  Nor has Plaintiff alleged the reason for his being housed in isolation, nor described the conditions he faced in isolation.  Therefore, Plaintiff fails to state a due process claim for being placed in isolation.

### H.   State Law Claims

Plaintiff alleges that has not been allowed communication with his sick mother, in spite of Title 15 § 3282(b), "Facilities shall provide inmate telephones for use by inmates . . ."; Title 15 § 3282(d), No limitations on relationship who may be called; and Title 15 § 3282(G), Emergency calls.  He also asserts that an administrative regulation has the force of law and is binding on the issuing agency.

Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.  Section 1983 does not provide a cause of action for violations of state law.  See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).

Furthermore, "[t]he existence of regulations . . . governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations."  Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012) (quoting K'napp v. Adams, No. 1:06-cv-01701-LJO-GSA (PC), 2009 WL 129347, at *4 (E.D.Cal. May 7, 2009)).  "There is no implied private right of action under title fifteen of the California Code of Regulations."  Davis, 901 F.Supp.2d at 1211, (citing K'napp, 2009 WL 129347, at *4-5)).

Therefore, Plaintiff's state claims fail.

### I.   Policy – Warden Fisher

"When a supervisory official advances or manages a policy that instructs its adherents to violate constitutional rights, then the official specifically intends for such violations to occur."  OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir. 2012).  "For an official to be liable for another actor's depriving a third party of his constitutional rights, that official must have at least the same level of intent as would be required if the official were directly to deprive the third party of his constitutional rights."  Lacey v. Maricopa Cnty., 693 F.3d 896, 916 (9th Cir. 2012) (en banc).

Plaintiff alleges that Defendant Warden Fisher is culpable as a policy maker by disrupting contact between Plaintiff and his mother in a manner that is cruel and unusual under the Eighth

Amendment.  Plaintiff contends that as a result of Defendant Warden Fisher's policy, Plaintiff has suffered and will continue to suffer irreparable harm.  As stated above, Plaintiff fails to identify any policy that disrupted the contact between Plaintiff and his mother.  Further and importantly, Plaintiff fails to state any facts demonstrating how Governor Gavin Newsom or CDCR Director Diaz are responsible for the claims he makes.  Therefore, Plaintiff fails to state a claim against Defendant Fisher, Governor Newsom or CDCR Director Diaz.

## V.        CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff's Complaint fails to state a cognizable claim against any of the Defendants.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies in his claims identified by the court.

Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d. at 934.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on December 21, 2020.

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey, 693 F.3d at 907 n.1, and it must be complete in itself without reference to the prior or superseded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on December 21, 2020, is dismissed for failure to state a claim, with leave to amend;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty days of the date of service of this order, Plaintiff is required file a First Amended Complaint;

4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-01792-GSA-PC; and

5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed in its entirety.

IT IS SO ORDERED.

Dated:   **March 14, 2022**                          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE